UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARL LOCKETT,

    Petitioner,

v.   CASE NO. 6:07-cv-1364-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner filed a reply and a supplemental reply to the response (Doc. Nos. 13, 14).

Petitioner alleges three claims for relief in his petition. As discussed hereinafter, the Court finds that the petition is untimely and must be dismissed.

### I.   *Procedural History*

Petitioner was found guilty of burglary of a dwelling (count one) and grand theft (count two) on October 30, 1991. The state trial court sentenced Petitioner as a habitual felony offender to a thirty-year term of imprisonment as to count one and to a ten-year term of imprisonment as to count two. Petitioner appealed, and the Fifth District Court of Appeal of Florida *per curiam* affirmed on July 21, 1992.

Petitioner filed numerous state post-conviction motions between 1992 and 1996. The motion last filed during that time period was denied and affirmed on appeal on December 17, 1996, with mandate issuing on January 6, 1997.

Thereafter, beginning in 1999, Petitioner initiated numerous additional state post-conviction proceedings. On May 16, 2005, Petitioner filed a final Florida Rule of Criminal Procedure 3.800(a) motion, which the state court denied. Petitioner appealed, and the appellate court dismissed the appeal on June 1, 2006.

## II.   *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Petitioner, whose conviction became final prior to April 24, 1996, had through April 23, 1997, absent any tolling, to file a § 2254 motion regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions became final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period). The instant petition was filed on August 24, 2007, under the mailbox rule. Because the one-year period of limitation ran on April 23, 1997, Petitioner's habeas corpus petition was not timely filed.

Relying on § 2244(d)(1)(C), Petitioner contends that the one-year statute of limitation began to run in 2005, when the United States Supreme Court initially recognized and made retroactive the constitutional right that Petitioner asserts was violated. (Doc. No. 1 at 13.) Pursuant to § 2244(d)(1)(C), the one-year period for filing a federal habeas petition runs from the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right is made retroactive to cases on collateral review.

In the instant case, Petitioner failed to indicate either the constitutional right or the United States Supreme Court case on which he relies. Assuming Petitioner is relying on *Booker v. United States*, 543 U.S. 220 (2005), the Court notes that *Booker* has not been made retroactive to cases on collateral review. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Accordingly, § 2244(d)(1)(C) is not applicable, and the instant petition is untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 7th day of August, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 8/7
Earl Lockett
Counsel of Record